UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER G.B. GORDON,                              No. 10-10508

            Plaintiff,                        District Judge Julian Abele Cook

v.                                               Magistrate Judge R. Steven Whalen

THE HOME LONE CENTER, LLC,
ET AL.,

            Defendants.
_____ /

## REPORT AND RECOMMENDATION

Before the Court is Defendants' July 13, 2010 Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. #25 ][1] which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons that follow, I recommend the following:

> 1.  That Defendants' motion be GRANTED in part, dismissing these Defendants WITH PREJUDICE as to claims under  the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA") and the Truth in Lending Act, 15 U.S.C § 1601 *et seq.* ("TILA").

> 2.  That the remaining state law claims be remanded to state court pursuant to 28 U.S.C. § 1447(c).

## I.  PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed suit in state court on November 2, 2009, disputing the validity of the  February 11, 2009 foreclosure of his residence located at 3801 Glendale in Detroit, Michigan.  *Doc. #2.*  On February 4, 2010, present Defendants Deutsche Bank National Trust Co., Morgan Stanley ABS Capital 1 Inc., and Barclays Capital Real Estate, Inc. d/b/a/ HomEq Serv. ("Defendants") removed the action to this Court based on the original complaint's allegations of Truth in Lending Act, 15 U.S.C § 1601 *et seq.* ("TILA") violations pursuant to 28 U.S.C. § 1441.

---

[1]Brought by Defendants Deutsche Bank National Trust Co., Morgan Stanley ABS Capital 1 Inc., and Barclays Capital Real Estate, Inc. d/b/a/ HomEq Serv.

2:10-cv-10508-JAC-RSW   Doc # 42   Filed 02/28/11   Pg 2 of 8   Pg ID 667

The Amended Complaint, filed April 30, 2010, alleges as follows.  On August 26, 2005 Plaintiff and Defendant Home Loan Center executed a mortgage on the Glendale property. *Amended Complaint* at ¶20.  Allegedly unbeknownst to Plaintiff, the mortgage was later assigned to Defendant New Century.  *Id.* at ¶ 26.  After Defendant New Century became insolvent, the mortgage note was assigned to Defendant Morgan Stanley by Defendant Barclays Capital, d/b/a Home Eq Servicing.  *Id.*  at ¶27.  Barclays Capital entered into a servicing agreement with Defendant ABS Capital One.  *Id.* at ¶28.

Again, allegedly unbeknownst to Plaintiff,  Morgan Stanley later appointed Defendant Deutsche Bank to continue collecting mortgage payments from Plaintiff. *Id.* at ¶30.   Plaintiff, having fallen behind in his mortgage payments, alleges that "[i]n 2007 and 2008, Plaintiff believed he was dealing with Defendant Home Eq Loan Servicing" in the execution of a forbearance agreements but was not given "any other options to cure the default on his account." *Id.* at ¶31. Plaintiff alleges that Defendants failed to disclose that at that time New Century had filed for bankruptcy.  *Id.* at ¶32.  He contends that Defendants had a duty to disclose "their relationship as fiduciaries under the 'Pooling and Servicing Agreement' of 2006." *Id.* at ¶33.  He alleges that Home Eq failed to disclose that it was no longer acting for New Century and that it lacked authority to negotiate the Forbearance Agreement.  *Id.* at ¶¶34-35.  Plaintiff contends that although he sought assistance from a Housing Counselor prior to the foreclosure, Home Eq made no effort to meet with the Counselor.  *Id.* at ¶¶38-39.

Plaintiff, noting that his credit rating has been impaired by the foreclosure, alleges violations of TILA as well as the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and various state law claims.  He seeks monetary damages, equitable relief in the form of enjoining Defendants from evicting him from his residence, and attorneys' fees.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration

of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded

by the court, the motion shall be treated as one for summary judgment and disposed of as provided

in Rule 56 (summary judgment)."   In assessing a Rule 12(b)(6) motion, the court accepts the

plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled

to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the complaint's sufficiency, the court must first determine whether a

complaint contains factual allegations, as opposed to legal conclusions.  *Ashcroft v. Iqbal*, ---

U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).   "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice."  *Id.*, 129 S.Ct. at 1949

(citing  *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167

L.Ed.2d 929 (2007)).   Second, the facts that are pled must show a "plausible" claim for relief,

which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the
> Court of Appeals observed, be a context-specific task that requires the reviewing
> court to draw on its judicial experience and common sense.  But where the well-
> pleaded facts do not permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged–but it has not shown–that the pleader is
> entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

### III.  ANALYSIS[2]

#### A.  Claims Under RESPA are Subject to Dismissal

Defendants argue first that Plaintiff allegations pursuant to 12 U.S.C. § 2607 are time-barred.

*Defendants' Brief* at 10-11. They note Plaintiff and Home Loan Center entered into the original note

and mortgage on August 26, 2005, entered into the second forbearance Agreement on September

---

[2] In addition to their arguments on the merits of the federal claims, Defendants contend
that Plaintiff has named the wrong parties, noting that "[n]either Deutsche Bank nor Morgan
Stanley have an individual interest in the loan."  *Defendants' Brief* at 7.  Rather, "the proper
party Defendant would be, 'Deutsche Bank National Trust Company as Trustee under Pooling
and Servicing Agreement Dated as of January 1, 2006 Morgan Stanley ABS Capital 1 Inc. Trust
2006-NC1 Mortgage Pass-Through Certificates, Series 2006-NC1.'" *Id.*    In any case, the TILA
and RESPA claims are dismissible - brought against either the above-stated entity or the
captioned Defendants.

2, 2008 and filed suit on November 2, 2009. *Id.* at 11. They point out that RESPA's one year statute of limitations bars claims pertaining to either the original mortgage or either forbearance agreement. *Id.*

Defendants also dispute the merits of the RESPA claim, contending that they cannot be held liable for the alleged wrongdoing of parties to the earlier transactions, Home Center, L.L.C. or New Century Mortgage Corporation.  *Id.* at 11-12. They note that under RESPA, they do not have "assignee liability." *Id.* at 11 (citing 12 U.S.C.  § 2607(a)).  They contend in any case, they are not "settlement services" as defined by 12 U.S.C. 2602(3) and thus, the Act's requirements are inapplicable to them. *Id.* at 12-13.   Finally, they argue that a number of the allegations of RESPA violations - such as the assessment of "acceleration fees" does not allege a prohibited practice under Act. *Defendants' Brief* at 13-15.

The RESPA claims fail for multiple reasons. First, Plaintiff's allegations that present Defendants committed financial improprieties pursuant to 12 U.S.C. §2607 are barred by the statute of limitations.  "'Any action pursuant to the provisions of section ... 2607 ... of this title may be brought ... within ... 1 year in the case of a violation of section 2607 ... from the date of the occurrence of the violation....'" *Egerer v. Woodland Realty, Inc.,* 556 F.3d 415, 421 (6th Cir. 2009)(citing 12 U.S.C. § 2614).  Assuming for the sake of argument that the provisions of § 2607 were applicable to the latter forbearance agreement of September 2, 2008, Plaintiff's failure to file suit before November 2, 2009 bars his claim.

 Further, Defendants role as mere assignees of the original loan does not by itself impose liability under RESPA.  *United States v. Graham Mortgage Corp.* 740 F.2d 414 (6th Cir. 1984). Likewise, they have not performed "settlement services" under 12 U.S.C. § 2602 RESPA as required for a claim under the Act:

> (3) the term 'settlement services' includes any service provided in connection with a real estate settlement including, but not limited to, the following: title searches, title examinations, the provision of title certificates, title insurance, services rendered by an attorney, the preparation of documents, property surveys, the rendering of credit reports or appraisals, pest and fungus inspections, services rendered by a real estate agent or broker, the origination of a federally related mortgage loan (including, but

not limited to, the taking of loan applications, loan processing, and the underwriting and funding of loans), and the handling of the processing, and closing or settlement.

Plaintiff provides no factual basis for the claim that Defendants were otherwise liable for the alleged RESPA violations of the original mortgagee. *See Bonner v. Select Portfolio Servicing, Inc.*, WL 2925172, *5 (N.D.Cal.,2010)("Plaintiff has not alleged facts to suggest that [the assignee] rendered any 'settlement service' for which it could be held liable").

### B. Claims Brought Under TILA are Also Dismissible

Defendants argue that claims of irregularities in either the original mortgage documents or the most recent forbearance agreement (September 2, 2008) are barred by TILA's one-year statute of limitations. *Defendants' Brief* at 23-25 (citing 12 U.S.C. § 2614). Substantively speaking, they also argue that TILA is inapplicable to forbearance agreements. *Id.* at 24. Defendants also note that the rescission period following either the disputed transactions (or delivery of notice of right of rescission) is "midnight of the third business day" and has thus expired. *Defendants' Brief* at 25 (citing *Mills v. Equicredit Corp.,* 172 Fed. Appx. 652 (6th Cir. 2006)). They note further that even assuming that the required disclosure were withheld from Plaintiff by the original mortgagee, the right terminates "upon the sale or transfer of all of the consumer's interest in the property." *Id.* Finally, Defendants contend that Plaintiff's generalized claims of "consumer fraud" do not state a violation of either state or federal law. *Id.* at 26-29.

First and most obviously, the fact that Defendants entered a forbearance agreement with Plaintiff does not subject them to the requirements of TILA. *In re Hart,* 246 B.R. 709, 738 (Bkrtcy.D.Mass. 2000)(forbearance and loan modification agreements "excepted from TILA by the express provisions of Regulation Z."). Even assuming (as alleged by Plaintiff) that the information provided by Defendants at the time of the forbearance agreements misstated the modified repayment terms, again, Defendants are not bound by the disclosure requirements of TILA. *Id.* (the forbearance agreement's "miscalculation of the monthly principal and interest payment does not change the

result"). *See also Norton-Griffiths v. Wells Fargo Home Mortg.* WL 61609, *6 (D.Vt.,2011)(citing *Castrillo v. Am. Home Mortg. Servicing, Inc.,* 670 F.Supp.2d 516, 528 (E.D.La.2009) ("where a loan modification agreement does not 'completely replace' an earlier mortgage, but rather 'amends and supplements' it, the document does 'not give rise to disclosure requirements or rescission rights under TILA'"). Plaintiff makes no claim that the forbearance agreements replaced the first mortgage. As such, his request for damages and/or rescission of the forbearance agreements under TILA is unavailing.

Further, Plaintiff's TILA claims are wholly barred by the statute of limitations. Under these facts, TILA claims would pertain only to the August 26, 2005 mortgage. The one-year statute of limitations on claims for damages under the Act has long since passed. 15 U.S.C. § 1640(e). As to Plaintiff's claim for rescission of the mortgage under §1635(f) (assuming that the original mortgagee failed to comply with TILA) the three-year statute of limitations had expired well before Plaintiff filed suit on November 2, 2009.

**C.  Assuming that the District Court Adopts This Recommendation, the Remaining State Law Claims Should be Remanded to State Court.**

Because the remaining claims are brought under Michigan law, a remand to state court is appropriate. 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The fact that none of the parties have filed a motion for remand does not change the result. *See also Page v. City of Southfield,* 45 F.3d 128, 132, fn 8 (6th Cir. 1995)(in the absence of subject matter jurisdiction, "the court can *sua sponte* remand the case to state court at *any* time prior to final judgment")(emphasis in original).

The Court is aware that since the filing of the present motion, Plaintiff has filed a second motion for leave to amend the Complaint, seeking to "allege additional claims under Article 9 of the Uniform Commercial Code, as codified under MCL 440.3302." *Doc. #35* at 6. For the sake of clarity, the motion to amend, a non-dispositive motion, will be addressed separately and will not be

inconsistent with the above analysis.   The proposed addition of exclusively *state* claims would not

provide Court with subject matter jurisdiction.  Hence, the motion to amend would not change my

recommendation to remand under § 1447(c).

## IV.  CONCLUSION

1.  That Defendants' motion be GRANTED in part, dismissing these
Defendants WITH PREJUDICE as to claims under  the Real Estate Settlement
Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA") and the Truth in Lending
Act, 15 U.S.C § 1601 *et seq.* ("TILA").

2.  That the remaining state law claims be remanded to state court pursuant to
28 U.S.C. § 1447(c).

Any objections to this  Report and Recommendation must be filed  within fourteen (14)

days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR

72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.

*Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of*

*HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).

Filing of objections which raise some issues but fail to raise others with specificity will not

preserve all the objections a party might have to this Report and Recommendation.  *Willis v.*

*Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local*

*231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any

objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections,

the opposing party may file a response.  The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court.  The

response shall address specifically, and in the same order raised, each issue contained within

the objections.

                       s/R. Steven Whalen
                       R. STEVEN WHALEN
                       UNITED STATES MAGISTRATE JUDGE

Date:   February 28, 2011

## CERTIFICATE OF SERVICE

I hereby certify on February 28, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 28, 2011: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217