UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER G.B. GORDON,                              No. 10-10508

        Plaintiff,                              District Judge Julian Abele Cook
v.                                                Magistrate Judge R. Steven Whalen

THE HOME LONE CENTER, LLC,
ET AL.,

        Defendants.
_____/

**OPINION AND ORDER CONDITIONALLY DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [Doc. #35]**

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. #35], filed August 30, 2010. For the reasons set forth below, the motion is CONDITIONALLY DENIED, conditioned on the District Judge accepting my separately filed Report and Recommendation ("R&R") to grant Defendants Deutsche Bank National Trust Co., Morgan Stanley ABS Capital 1 Inc., and Barclays Capital Real Estate, Inc. d/b/a/ HomEq Serv.'s motion to dismiss [Doc. #25] and remand the case under 28 U.S.C. §1447(c). *Doc. #42*.

**BACKGROUND FACTS[1]**

Plaintiff filed suit in state court on November 2, 2009, disputing the validity of the February 11, 2009 foreclosure of his residence located at 3801 Glendale in Detroit, Michigan. *Doc. #2*. On February 4, 2010, present Defendants Deutsche Bank National Trust Co., Morgan Stanley ABS Capital 1 Inc., and Barclays Capital Real Estate, Inc. d/b/a/ HomEq Serv. removed the action to this Court based on the original complaint's allegations of Truth in Lending Act, 15 U.S.C § 1601 *et seq.*

---

[1] The procedural and factual history is more fully set forth in this Court's Report and Recommendation regarding the motion to dismiss by Defendants Deutsche Bank National Trust Co., Morgan Stanley ABS Capital 1 Inc., and Barclays Capital Real Estate, Inc. d/b/a/ HomEq Serv. [Doc. #25].

("TILA") violations pursuant to 28 U.S.C. § 1441. Plaintiff filed an amended complaint on April 30, 2010 adding claims under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"). The present motion seeks to allege "claims under Article 9 of the Uniform Commercial Code, as codified under MCL 440.3302." *Doc. #35* at 6.

## II. STANDARD OF REVIEW

Motions to amend are governed by Fed.R.Civ.P. 15(a)(2), which provides that a court may "freely give leave [to amend a pleading] when justice so requires." This Rule reaffirms the principle that cases should be tried on their merits "rather than [on] the technicalities of pleadings." *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir.1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982)). Notwithstanding this general rule of liberality, if a proposed amendment would not survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court may also disallow the amendment as futile. *Thiokol Corp. v. Dept. of Treasury,* 987 F.2d 376, 382 (6th Cir.1993).

## III. DISCUSSION

On February 28, 2011, this Court recommended that all RESPA and TILA claims be dismissed against Deutsche Bank National Trust Co., Morgan Stanley ABS Capital 1 Inc., and Barclays Capital Real Estate, Inc. d/b/a/ HomEq Serv. *Docket #42.* I recommended further that the remaining state claims be remanded *sua sponte* under 28 U.S.C. §1447(c), observing as follows:

> Plaintiff has filed a second motion for leave to amend the Complaint, seeking to "allege additional claims under Article 9 of the Uniform Commercial Code, as codified under MCL 440.3302." *Doc. #35* at 6. . . . The proposed addition of exclusively *state* claims would not provide Court with subject matter jurisdiction. Hence, the motion to amend would not change my recommendation to remand under § 1447(c).

*Docket #42* at 8-9. Assuming that the District Court adopts my Report and Recommendation, allowing Plaintiff to amend a second time to add exclusively state claims would be futile, given the

-2-

procedural posture of the case. However, in finding so, I offer no opinion as to the *merits* of the proposed amended allegations or any of the remaining state claims.

### IV.   CONCLUSION

Plaintiff's  Motion for Leave to File Second Amended Complaint [Doc. #35]  is CONDITIONALLY DENIED, conditioned on the District Judge accepting my separately filed Report and Recommendation [Doc. #42] to GRANT Defendants' Defendants Deutsche Bank National Trust Co., Morgan Stanley ABS Capital 1 Inc., and Barclays Capital Real Estate, Inc. d/b/a/ HomEq Serv. motion to dismiss [Doc. #25] and remand the case under 28 U.S.C. §1447(c).  *Doc. #42*.

SO ORDERED.

                                            s/R. Steven Whalen  
                                            R. STEVEN WHALEN  
                                            UNITED STATES MAGISTRATE JUDGE

Date: March 1, 2011

_____

### CERTIFICATE OF SERVICE

I hereby certify on March 1, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 1, 2011: **None.**

                                            s/Michael E. Lang  
                                            Deputy Clerk to  
                                            Magistrate Judge R. Steven Whalen  
                                            (313) 234-5217